## MILLER v. GRAY EAGLE OIL & GAS CO. et al.

No. 19528. Opinion Filed May 31, 1933.

Rehearing Denied July 12, 1933.

Geo. W. Buckner, John A. Brett, and Lydick, McPherren & Jordan, for plaintiff in error.

F. W. Herndon and Wilson & Wilson, for defendants in error.

RILEY, C. J. This cause has been delayed in this court on account of a number of motions and their consideration. The opinion, substantially as we now adopt it, was prepared by Mr. Commissioner Hall while the Supreme Court Commission was in existence. After it was presented to the court, and while pending for consideration by the court, defendants in error filed a motion to dismiss this cause for failure to revive within one year following the death of G. H. White, defendant in error. This motion was denied, and thereafter was filed the motion of plaintiff in error to revive the action in the name of the heirs at law of G. H. White. The opinion was held in abeyance pending extensive consideration of these motions.

The opinion has once had the approval of the court, but before its formal adoption a motion to set aside the order of revivor was presented. That motion having been denied, the cause is again presented to the court, as now constituted, on its merits.

This is an appeal by May Wheeler Miller from an order denying her motion to vacate and set aside a judgment or order confirming at an execution sale certain of her real estate. The action in the trial court was styled Gray Eagle Oil & Gas Company, a Corporation, and G. C. White, Assignee, Plaintiffs, v. May Wheeler Miller. It would consume too much space to fully state the history of this controversy together with all the ramifications. But, for the purposes of this opinion, it should be stated that the plaintiff Gray Eagle Oil & Gas Company secured a judgment against the defendant, May Wheeler Miller, in the sum of $524.50. On the 23rd day of July, 1926, the plaintiffs caused an execution to be issued on this judgment directing the sheriff to levy upon certain lands belonging to defendant and situated in Pawnee county. For certain reasons, not material here, the defendant, plaintiff in error herein, attempted to enjoin the sale of this land under execution, instead of paying the judgment. This judgment, it

seems, was the nucleus of much spirited controversy. It appears that defendant had commenced a suit, or a number of actions, against the plaintiff Gray Eagle Oil & Gas Company for damages, because of numerous garnishments which had been issued on the judgment. That matter is mentioned here only to reflect or partially reflect a motive in seeking to enjoin the sale of the property to satisfy the judgment.

Pursuant to the execution issued in this case, the sheriff of Pawnee county had said lands appraised, which consisted of an undivided interest in 160 acres of land and two parcels of town property situated in the town of Cleveland in that county. He also gave notice by publication that he would sell this property to satisfy the judgment and costs, on the 7th day of September, 1926, at 2 p. m. Before the day on which the lands were to be sold, the defendant, plaintiff in error herein, obtained a "restraining order and temporary injunction" enjoining the sale of this land. On a motion of plaintiffs, which was heard on the 6th day of September, the court dissolved the "restraining order and temporary injunction," on the grounds that the defendant had a plain and adequate remedy at law, and that proper notice of the granting of the injunction was not given. The defendant gave notice of an appeal, and the court made an order allowing a supersedeas in the case to become operative upon the filing of a supersedeas bond in the sum of $1,000. Three days were given in which to file this bond. The bond was filed on September 7th, the day of the sale, but it clearly appears that the bond was filed one hour after the hour of sale. In other words, the sale was had at 2 p. m. and the bond was filed at 3 p. m. The defendant lodged in this court an appeal from the order of the district court dissolving the "temporary restraining order and temporary injunction." This court in case No. 17842 affirmed the judgment of the trial court dissolving the injunction. Miller v. White et al., 129 Okla. 184, 265 P. 646.

One of the numerous objections set forth in the motion to set aside the order confirming the sale is that certain acts and certain proceedings were had in the case after the judgment or order dissolving the injunction had been superseded by the filing of the supersedeas bond. It is the contention of defendant that the sale of the land was in contravention of this order, that is, the injunction. By reason of the language of the order allowing the super-

sedeas, we do not think that the sale was made in violation of the injunction. The mandate, showing the affirmance of the dissolution of this injunction, was dispatched from the office of the clerk of this court to the court clerk of Garfield county. On March 26, 1928, this mandate was spread of record, and on the same date an order confirming the sale of the land was made and entered by the district court of that county. In this connection, it clearly appears that the court clerk made the following indorsement on the order confirming the sale: "Hold for cost, 3-26-28." It appears that this order confirming the sale was not entered on an appearance docket or any other book of entry until April 4th. In the course of the trial the following colloquy between the respective counsel and the court was had:

"Mr. Buckner (representing the defendant): I have this motion. I have objections to the confirmation of sale and motion to set aside the purported confirmation of sale filed in this court on April 4, 1928. My reason for both objecting to the confirmation of the sale and asking to have it set aside is this:

"As I stated here, and the records here show, that Mr. Herndon came into your court here on the 20th day of March. I believe it was, and had you sign an order of confirmation of sale. It was in this case, but your Honor evidently did not know it. Then it was withheld from the record until the 4th day of April. Then he brought it in here and he filed it. We had no knowledge of any thing of the kind having been done until then. The Court: You say that I signed an order confirming the sale? Is that your statement? Mr. Buckner: Yes, sir. Mr. Benton, the deputy court clerk of this court, told me that he put a stamp on it. It was not filed until the 4th day of April because of want of costs or something like that."

The attorney representing the plaintiff, in response to this statement, said:

"Mr. Herndon: It was under the clip in the office of the court clerk, ready to be filed at any time. It was filed, as a matter of fact, by the court clerk."

To which Mr. Buckner responded as follows:

"Mr. Buckner: The 4th day of April was when it went on the records. I was in here and was looking for it, and I didn't know anything about it. It didn't reach the court here, so the records show, until the 4th day of April."

On the 14th day of April, the defendant filed her motion to vacate and set aside and

hold for naught the order confirming the sale of this property. That motion was based upon several grounds. First, that certain proceedings were had in violation of the injunction which was in force and effect. Second, that the property sold and other noncontiguous property of a different character, to wit, town lots, was appraised collectively in the sum of $2,200, and was not appraised separately. Third, that insufficient notice was given; that publication for 30 days just preceding the sale was not given and that no notices were posted as required by law. The fourth objection related to the irregularity pertaining to filing the execution in Pawnee county; and the fifth was based upon the breach of an agreement between counsel in the case. The defendant later filed a supplemental motion to vacate and set aside the confirmation of sale, alleging the same grounds as alleged in the original motion, and in addition thereto alleged—and offered to support her allegations with proof—that the value of the property sold was the sum of $10,000 at the time of the sale, and at the time of the appraisement, and that said property sold for the sum of $735; and that this sum of $735 was so disproportionate to the value of the property as to justify the court to set aside the sale on the ground that the consideration was so grossly inadequate as to constitute evidence of fraud.

A hearing was had upon these motions from day to day, and the trial court for a considerable time patiently heard and considered the matter, but finally overruled the motion to vacate and set aside the order.

The writer cannot perceive of a proceeding for the sale of land under execution containing more glaring irregularities, or to have been conducted in greater disregard of the statutes, than the sale in the present case.

At the hearing on the motion and at a juncture where the attorneys for defendant were discussing the fact that the carbon copy of the appraisal (which carbon copy was filed with the court clerk of Pawnee county), showed that the noncontiguous tracts of land were appraised in the lump sum of $2,200. the trial judge hearing the case said:

"This seems to be badly mixed. * * * Even this original does not speak the truth. The quarter section of land is valued at $1,100. They appraised them both at $2,200, but sold only one."

After an extended dialogue between the attorneys for respective parties, the court said:

"I don't see how the court is going to determine from the report of the appraisers what the property was valued at."

At the time the order confirming the sale was made, the copy of the appraisement filed with the court clerk of Garfield county showed the two noncontiguous parcels of real estate were appraised in a lump sum of $2,200.

The publication notice was short two days, as disclosed by the affidavit of publication and as the record stood at the time the order of confirmation was made. In other words, it was published in only four issues of a weekly publication instead of publishing it five issues or for a period of 30 days. These matters, however, are considered irregularities, and as a general rule are cured by the order confirming the sale, when there has been a substantial compliance with the statutes. But in cases where the defendant has had no reasonable opportunity to file and present objections to confirmation, an appeal therefrom is not the only remedy. Promptly filing a motion to vacate and set aside the order is permissible and proper, where, as in the present case, the facts fully justify it. In cases of this nature, the facts are and should be viewed and considered collectively as well as upon some single fact which might be determinative of the issues in the case. For example, the defendant offered to prove that the property, which was sold under the execution sale for $735, consisted of an undivided one-seventh interest in 160 acres of land, and on said land there were 19 producing oil wells, several residences, and a refinery, and that the value of the property at the time of the sale was the sum of $10,000. The court rejected this testimony. It is true that this court has committed itself to the doctrine that inadequacy of price alone will not vitiate a sale of property under execution; but that rule is subject to the qualification expressly declared by this court in Frensley v. American National Bank, 129 Okla. 164, 264 P. 188, and Wheeler-Motter Merc. Co. v. Wright, 64 Okla. 97, 166 P. 184, in which it was said:

"'A sale may be set aside for gross inadequacy of price, if accompanied by circumstances showing unfairness in the conduct of the successful bidder, or any circumstances sufficient to raise a presumption of fraud.' Practically the same rule was announced in McLain Land & Inv. Co. v. Swofford Bros., 11 Okla. 429, 68 P. 502. See, also,

Ordway v. Farrow (Vt.) 118 Am. St. Rep. 951-960; Gray v. McKnight, 75 Okla. 268, 183 P. 489; Winters v. Okla. Portland Cement Co., 65 Okla. 132, 164 P. 965; 15 R. C. L. 761; Clark v. Clark (Mont.) 210 P. 93; Bigelow on Frauds, chap. 6, sec. 2."

In the case of Moore v. Miller (Tex. Civ. App.) 155 S. W. 573, the court in discussing this very point said:

"Where property has been sold at execution sale at a very inadequate price, a court of equity will set the sale aside where the defendant makes a prompt offer to pay the indebtedness, costs, and interest. * * *

" 'Certainly, when there is an enormous inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled'."

The Missouri Court of Appeals, in Van Graaffieland v. Wright, 228 S. W. 465, in discussing this question in terse and unmistakable language, said:

"We hold that, where property is attempting to be confiscated by legal process, as in this case, the courts owe it to themselves to inquire with some care whether the transaction constitutes an honest attempt to collect a debt, or results from a desire to wrongfully and oppressively use the process of the court to obtain the property of another without adequate consideration. For the reasons we have stated, we have in this case arrived at the latter conclusion, and accordingly affirm the judgment of the circuit court of the city of St. Louis."

We fully understand that, as a general rule, or as a general proposition, the defendant should present these matters at the hearing on the motion for confirmation, but in this case this confirmation was had three days after the mandate, authorizing further proceedings in the case, was mailed out of the office of the Clerk of the Supreme Court. It seems to have been an ex parte proceeding wholly. The order confirming the sale, containing the pencil notation. "Hold for cost, 3-26-28," was kept off of the records of the court clerk until April 4th. In view of these facts, defendant hardly had a reasonable opportunity to present her objections before the sale was confirmed.

We are, therefore, of the opinion that defendant's objections set forth in her motions to set aside the order confirming the sale were timely made. In this connection, it must be observed that the defendant tendered, or made an offer of tender in court, the amount of judgment and costs in the case. Under the peculiar facts in this case, this tender was timely made. The order of the district court denying the motion to vacate and set aside the order confirming the sale is hereby reversed, with directions to the trial court to take such further proceedings not inconsistent with the views herein expressed.

OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL and McNEILL, JJ., not participating. CULLISON. V. C. J., disqualified. ANDREWS, J., absent.