## MENTZER v. MILLER.

No. 25671.   Feb. 4, 1936.

Wilson & Wilson, for plaintiff in error.

J. D. Lydick and R. F. Barry, for defendant in error.

WELCH, J. This is an appeal by Emma Mentzer, hereinafter referred to as movant, from an order of the district court of Garfield county vacating an order confirming a sale of real estate. May Wheeler Miller, defendant in error, will be hereinafter referred to as defendant.

The issues involved herein arise out of extended litigation, including two prior appeals to this court. We will review only such portions of said litigation as are necessary to state the issues presented on this appeal.

The Gray Eagle Oil Company had recovered a certain money judgment against May Wheeler Miller. Execution was levied on an undivided one-seventh interest in certain real estate. The property was sold at sheriff's sale to Emma Mentzer, movant herein, and the sale was confirmed by order of the district court, which rendered the judgment. Thereafter May Wheeler Miller filed motion to set aside sale confirmation. That motion alleged various irregularities in the sale proceedings, and alleged that the property was sold for a grossly inadequate bid, in that the sale price was $735, while the actual value was $10,000. Included in that motion was a tender and offer to pay the amount of the judgment, interest, and costs, the original amount of the judgment being $524.50. Defendant's motion to set aside confirmation of sale was denied, the court rejecting defendant's offer of proof as to the value of the land. Upon that motion it was defendant's theory and contention that the irregularities prevented a fair sale, resulting in the sale upon the grossly inadequate bid. That she had sufficient excuse, as alleged in detail in her motion, for not having appeared and objected at or prior to the confirmation of the sale, and was therefore entitled to have her motion sustained, and she appealed to this court from the adverse order.

That order of the trial court was reversed

in Miller v. Gray Eagle Oil & Gas Co., 164 Okla. 259, 23 P. (2d) 657. Therein it was held that on account of the circumstances shown, the defendant's motion to set aside confirmation was not too late, and defendant was entitled to have it heard and passed upon, and that the trial court erred in rejecting the proof offered by the defendant to support her allegation as to value of the land. In that decision this court adhered to the rule that gross inadequacy of the bid, together with slight irregularities, might constitute grounds for denying confirmation, or vacating confirmation on motion and tender where justifiable excuse and cause existed for presenting the attack after confirmation, it being expressly noticed that there existed errors in the sale proceedings as then shown by the record there presented; and the order or judgment refusing to set aside confirmation was reversed and the cause was remanded for further proceedings not inconsistent with the views of this court expressed in that opinion.

The mandate was spread of record, and upon further hearing on December 22, 1933, the trial court vacated the confirmation of sale, and from that order or judgment the movant prosecutes this appeal.

A determination of the questions now presented calls upon this court more to exercise its superintending control than to review errors of law. This is true because the trial court was led into error due to a misunderstanding as to the effect of the mandate and a misconstruction of the opinion on the former appeal above cited, and the last-mentioned order must now be reversed and the cause again remanded for a proper proceeding on defendant's motion to vacate confirmation of the sale.

The former appeal mandate was spread of record in the trial court on July 1, 1933. It was then the duty of the trial court to again hear defendant's motion to vacate confirmation of the sale; to receive defendant's evidence as to value which had been theretofore erroneously excluded; to consider that evidence together with all evidence offered as to alleged irregularities in the sale, and the tender, and then to pass upon the motion in keeping with the rules applicable to such a proceeding. However, there had been changes in the attorneys for the parties and in the personnel of the trial court, and considerable confusion existed as to the proper proceedings to be had. Several pages of the record present extended colloquy between court and counsel in an effort to proceed in a manner agreeable to all as the proper manner to proceed under the mandate. The trial court then passed the matter to August 31, 1933, for further hearing.

At that hearing the court heard oral evidence and examined documentary evidence in support of and contrary to the defendant's allegations of irregularities in the sheriff's sale proceedings. While the evidence at the first hearing preceding the former appeal tended strongly to show serious irregularities in the sheriff's sale as noticed in our opinion on the former appeal, the evidence presented at the August 31, 1933, hearing tended strongly to show that there were no such irregularities, when the true facts were fully analyzed. At any rate, the trial court then made its order denying the motion to vacate confirmation, and ordered the sale again confirmed. However, at that hearing there was no evidence offered as to the value of the land, the defendant then being absent from the state.

The record is not clear as to just why no such evidence was presented, that is, whether it was because the court was of the view that it was improper and unnecessary on the theory that this question was no longer in the case under the mandate, or because the defendant abandoned that portion of her motion to vacate. But from a consideration of all of the record in the light of the subsequent transactions, we are led to conclude the defendant never intended to abandon this contention, and did not in fact do so.

Immediately after that hearing the defendant filed motions for new trial and for judgment on the mandate, and those matters came on for hearing on December 22, 1933. There the defendant insisted that under the former appeal mandate she was entitled to have the sheriff's sale vacated upon paying in the money according to her former tender, without any evidence as to value of the land. There was a statement that defendant was ready to present such evidence, but strong insistence that the same should not be required by the court. No evidence whatsoever was offered at that hearing. The trial court evidently acceded to the theory that under the opinion and mandate of the former appeal, the defendant was entitled to have the sale vacated merely upon paying in her tender in money. That money was paid into court, whereupon the court vacated its order of August 31, 1933, and vacated the confirmation of sale, and this appeal by movant followed.

No authority is shown to sustain the view that after sheriff's sale of real estate on execution, the former owner and judgment debt-

or may have the sale vacated merely upon payment of the original judgment and costs. To so hold would be to create or extend a redemption period without any authority. The former opinion cited does not so hold. It does hold that on account of the established circumstances, peculiar to this case, the defendant's motion to vacate the sheriff's sale for irregularities in the proceedings and inadequacy of purchase price, accompanied by the tender, was not too late; that this motion and attack on the sheriff's sale, in this instance on account of the specific facts shown, should have been properly considered, heard, and passed upon, though not presented until after confirmation. It was the purpose of that opinion to permit the trial court to consider and properly hear the allegations of defendant's motion, to require the admitting of all competent evidence, and if under the evidence the sale should be vacated, then to so order. It may be that it was not necessary for the defendant to make the tender she did make, but she did voluntarily make it and it was not necessary that this court ignore it in our former opinion. Certainly the mere making of the tender could not take the place of defendant's proof to sustain the allegations of her motion attacking the sheriff's sale. No such contention was made by the defendant originally. On the contrary, she apparently realized and acquiesced in the view that even though the tender was made she still must offer proof in support of her attack on the sale for irregularities and gross inadequacy of price.

In the former appeal she did not contend for the right to have the sale vacated merely by reason of the tender, but did contend that the trial court erred in rejecting proffered testimony in support of her motion. This court sustained that theory and reversed the trial court for erroneously rejecting evidence. But upon the last hearing on December 22, 1933, the trial court vacated the confirmation of sale merely upon the paying in of the money tendered.

That action of the trial court was erroneous because not a proper proceeding under the mandate; the correct manner to have proceeded, upon spreading the mandate of record, being as heretofore set out.

Therefore the order of the trial court of December 22, 1933, vacating confirmation of sale must be reversed and the order of August 31, 1933, denying the motion to vacate must be set aside, since neither action by the court was correct under the mandate and opinion of the former appeal above cited. The

defendant's motion to vacate confirmation of the sale has never been properly considered by the court. Both of the parties have rights and claims which cannot be properly disposed of until the court properly hears the conflicting contentions of the parties which arise on defendant's motion to vacate the sheriff's sale on account of alleged irregularities in the sale proceedings, and gross inadequacy of the sale price, and defendant's tender of the amount of the original money judgment. We are loath to again return the matter to the trial court, but no other course will give due regard and consideration to the rights of both parties, and their conflicting contentions, and it is our duty, when a second appeal discloses that the trial court has not proceeded properly under the mandate of a former appeal, to remand the cause for further proper proceedings with such directions as appear to be required.

To avoid any further confusion we will set out in detail the following directions for the further proceedings in the matter.

The cause is remanded to the trial court, with directions as follows:

(1) That the order and judgment of December 22, 1933, vacating confirmation of sale be set aside.

(2) That the order and judgment of August 31, 1933, denying motion to vacate be set aside.

(3) That the matter then stand for hearing upon defendant's motion to vacate confirmation of sale for alleged irregularities and grossly inadequate bid, provided that if defendant shall desire to amend the same, or if movant shall desire to respond, any such application to further amend or plead shall be considered by the trial court under the usual rules applicable to such a request.

(4) That a hearing be held on defendant's motion to vacate confirmation of sale after allowance of a reasonable time for preparation. That upon said hearing the court receive such competent evidence as is offered to show irregularities in the sale proceedings, or inadequacy of the bid on which the sale was made, as well as such competent evidence as is offered contrary thereto.

(5) That at the conclusion of such hearing the trial court render its judgment, either vacating the confirmation of sale, or refusing to vacate the same, as shall be indicated to be proper under the evidence presented, and in keeping with the rules of law applicable to such a proceeding.

(6) It being the intention of this court not to direct either that the trial court shall grant defendant's motion to vacate confirmation of the sheriff's sale, nor to direct that the trial court deny that motion to vacate confirmation of sheriff's sale. But it being the intention of this court to direct a full hearing on that motion, and the receiving of all competent evidence thereon, and a determination by the trial court on the motion to vacate confirmation, based upon the evidence and the applicable rules of law.

Upon these directions the judgment last appealed from is reversed, and the cause remanded to the trial court.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.