### MILLER v. BIRD, Judge (MENTZER, Intervener).

No. 25362.  Feb. 4, 1936.

J. D. Lydick and R. F. Barry, for plaintiff.

Wilson & Wilson, for defendant and intervener.

WELCH, J. This case involves the same controversy as is presented in Emma Mentzer v. May Wheeler Miller, 176 Okla. 1, 54 P. (2d) 1038, this day decided.

Here the plaintiff seeks a writ of mandamus requiring the district judge to vacate and set aside the sheriff's sale of real estate and confirmation thereof, and further requiring the district court to vacate the original judgment on account of the fact that the plaintiff here, May Wheeler Miller, did on December 22, 1933, pay in to the court the sum of $650 upon the tender set out in her motion to vacate confirmation of sheriff's sale for irregularities in the sale proceedings and for inadequacy in the sale price.

The plaintiff here is not entitled to the relief sought. The reasons for this conclusion, more fully appear in the companion case of Mentzer v. May Wheeler Miller, above referred to, this day decided, and need no further statement here.

In this action Emma Mentzer, as intervener, seeks certain affirmative relief. A portion of it, that is, the right to a hearing on the motion to vacate confirmation of sale, is accorded her by our decision in the Mentzer v. Miller Case, this day decided, and it does not appear that she is entitled to any further relief under her general prayer for proper relief in her petition in intervention. She suggests that the trial judge should be disqualified from proceeding further in the case, but no facts are presented upon which we could determine that portion of her petition in intervention.

For the reasons stated, and upon our determination of cause No. 25671. Mentzer v. Miller, this day decided, the petition of the plaintiff here is denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS. CORN, and GIBSON, JJ., concur.