STATE ex rel. COMMISSIONERS OF LAND OFFICE v. SCHNEIDER et ux.

No. 32011. March 26, 1946.

Rehearing Denied April 30, 1946.

*168 P. 2d 288.*

Everett H. Welborn and Bruno Mil-

ler, both of Oklahoma City, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendants in error.

WELCH, J. On August 16, 1926, the defendants Leopold and Hattie Schneider executed their note payable to the Commissioners of the Land Office of the State of Oklahoma in the principal sum of $3,800 due and payable August 15, 1936, with interest at the rate of 5% per annum payable semi-annually and 10% after maturity until paid. Same was for money borrowed and was secured by real estate mortgage on the 160 acres of land here involved.

In 1932 the Commissioners filed suit on such note and for foreclosure of the mortgage. On May 25, 1937, judgment was therein rendered in favor of plaintiff in the sum of $6,494.46, as the amount due on the note, and for 10% interest from date of judgment until paid. There was the further judgment for $380 attorney's fee and $1.50 abstract fee and for foreclosure of the mortgage.

On May 18, 1938, order of sale was issued and on the same day was returned endorsed "No sale by order of Commissioners of the Land Office."

On April 1, 1940, an order of sale was issued and thereunder on May 6, 1940, the sheriff sold the land to plaintiff for the sum of $5,000, as shown by return filed on the sale date.

On May 6, 1940, plaintiff filed motion to confirm sale and on May 21, 1940, said defendants filed their objections to confirmation of the sale.

Those motions remained pending with no action thereon for four years. On May 10, 1944, the defendants filed an instrument styled "Motion to Vacate Judgment and Objection to Confirmation of Sale". This set forth that since the rendition of judgment and subsequent to the sale the defendants in 1943 had entered into an agreement with the Secretary of plaintiff Commission

to the effect that plaintiff would accept the principal of $3,800, plus 5% interest since the date to which the interest was last paid and costs, and a reasonable attorney's fee to be fixed by the court, in full payment of defendants' debt and judgment. They alleged therein that in 1943 they had paid $600 in pursuance of said agreement and had tendered the remaining balance agreed upon and still tendered same. They sought to compel plaintiff to carry out such agreement and prayed in effect that upon the payment of the balance according to the agreement, the judgment be ordered satisfied and canceled. Such agreement contemplated retention of the land by defendants. They further alleged that it had been the custom and practice of plaintiff for more than 25 years to consummate such settlements under like circumstances. The pleading alleges other matters attacking the validity of the judgment, none of which are brought forward in this appeal.

The plaintiff filed motion to strike the last aforesaid motion of defendants and thus the case rested with four pending motions or items of pleading: (1) Plaintiff's motion to confirm: (2) defendants' objections to confirmation; (3) defendants' motion filed May 10, 1944, in effect to satisfy and discharge judgment and objection to confirmation of sheriff's sale, and (4) plaintiff's motion to strike defendants' motion of May 10, 1944.

Several months later the cause was heard. The recitation in the case-made was that the matter came on for hearing on the several motions above set out. The journal entry at the conclusion of such hearing rather indicates that the hearing was on the motion of defendants referred to above as the motion of May 10, 1944, in effect to satisfy and discharge the judgment, with objection therein to confirmation.

At any rate, the hearing was held, with no order thus far made on plaintiff's motion to strike, and so far as the record shows no presentation of that motion. Defendants introduced evidence substantiating the above matters contained in the motion of March 10, 1944, and nothing to the contrary was shown.

At the conclusion of such hearing, the trial court found and determined and rendered judgment in defendants' favor; the journal entry of judgment, after recitations of appearances, and evidence heard, decreed as follows:

"It is therefore hereby ordered, adjudged and decreed by the court that judgment be for the defendants Schneider herein, that the purported sale and the purported judgment herein be vacated upon the defendants Schneider paying into the office of the court clerk of this court for the benefit of the plaintiff herein, $3,800, being the principal of the land sued on herein, together with interest at the rate of 5% per annum from August 15, 1931, and all the court costs including the sum of $100 attorney's fee, within 10 days from the date this judgment becomes final, and upon such payment the purported judgment, purported sale and the mortgage sued on herein be canceled, vacated and discharged of record, and the claim of the plaintiff in this action fully satisfied and discharged."

After conclusion of this hearing and rendition of the aforesaid judgment, the court overruled plaintiff's aforesaid motion to strike.

On this appeal the plaintiff first poses the following question:

"Did the district court of Custer county have jurisdiction or authority to vacate the sheriff's sale, and was its jurisdiction not limited to confirm the sale, or to deny confirmation upon good cause shown?"

Thereunder it cites Local Federal Savings & Loan Ass'n v. Knie et al., 177 Okla. 633, 61 P. 2d 635; Mentzer v. Miller, 176 Okla. 1, 54 P. 2d 1038; Miller v. Bird, 176 Okla. 4, 54 P. 2d 1041; Brasell v. Brockins et al., 95 Okla. 38, 217 P. 847; Millard v. Nelson, 139 Okla. 56, 281 P. 238; Burton v. Mee, 152 Okla. 220, 4 P. 2d 33; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P.

2d 252, and Streets et al. v. Stephens, 191 Okla. 289, 129 P. 2d 848, and assert:

"The effect of these numerous cases establishes the law beyond any question that a trial court has no right to consider anything upon a motion to confirm a sheriff's sale, except to allow confirmation of the same, if the proceedings are found to be regular and not void on their face, or to deny confirmation where the complaining party has alleged and definitely proven such irregularities as the statute specifically prescribes."

Whatever the effect of those cited decisions, they do not demonstrate lack of jurisdiction here.

For cases in which this court has upheld trial court jurisdiction to consider and pass upon certain equities, in connection with and even after confirmation of sheriff's sale, see Miller v. Gray Eagle, 164 Okla. 259, 23 P. 2d 657; State v. Harrower, 167 Okla. 269, 29 P. 2d 123, and Cesar v. Oklahoma Farm Mortgage Co., 188 Okla. 659, 112 P. 2d 800.

Surely there might be various matters which parties might be entitled to present and have passed upon before confirmation. At any rate plaintiff cites no authority that the district court is without jurisdiction to proceed as the trial court here proceeded in advance of passing on the motion to confirm the sheriff's sale, and we decline to sustain plaintiff's contention that the trial court was without jurisdiction to consider defendant's motion of May 10, 1944.

It therefore follows that we must examine into the matters offered by the defendants. It will be noted that they claim a settlement and payment of the judgment by agreement in 1943, or a valid agreement to settle the judgment, with payment of a part of the agreed consideration, and tender of further and complete payment and performance. If plaintiff were a private individual or corporation, there would be little doubt of the correctness of the trial court's ruling and order.

Plaintiff, however, is a public body and with defendant is controlled by the statutes of the state, and plaintiff is thereby limited in its powers. What are those limitations with reference to the agreement of 1943 which it appears was in good faith attempted to be entered into by these parties?

Section 32, art. 6, of the Constitution of the state names the public officials who shall compose the public body styled the Commissioners of the Land Office, and imposes upon the Commissioners the duty of management of the school fund. Section 6, art, 11, of the Constitution provides in part as follows:

"The Legislature shall provide the manner of selecting the securities aforesaid, prescribe the rules, regulations, restrictions, and conditions upon which the funds aforesaid shall be loaned or invested and do all things necessary for the safety of the funds and permanency of the investment."

In pursuance of such command the Legislature in 1937 provided rules, regulations, and restrictions as a part of House Bill 11, 64 O. S. 1941 § 52, subd. j, as follows:

"Any borrower may make payment either in part or in whole of his loan at any interest paying date, provided, the borrower shall have the right at any time to pay all or any part of delinquent payments. All delinquent payments of both interest and principle shall bear interest at the rate of three (3) per cent per annum from date of maturity until paid. The cashier in all cases, upon receipt of any payments of whatever nature, shall issue a receipt to the payer at the time said payment is made. Diligent effort shall be made to collect all matured installments of both interest and principal. *No settlement shall be made by the Commissioners of the Land Office or any employee with any borrower for less than the amount due upon his obligation, provided,* that in all cases where the Commissioners have heretofore accepted deeds to land in satisfaction of loans, such transactions are hereby confirmed and the title in and to said

lands is hereby validated and confirmed." (Emphasis ours.)

The statute with respect to the inhibition indicated by italics is plain and unequivocal, and the rule to the effect that administrative practice and interpretation is entitled to great weight in the interpretation of an ambiguous statute is not applicable. The right and authority of the Legislature to promulgate such a rule is not questioned and would seem to be certain.

There is no doubt that if defendants at the time of the agreement in 1943 had paid only the $3,800 with 5% interest from 1931, such payment would have been "less than the amount due upon his obligation," and would have been in direct violation of that rule and restriction provided by the Legislature. Defendants' obligation at that time was fixed by the provisions of the judgment at $6,494.46 with 10% interest from May 25, 1937, and $380 attorney's fee, and $1.50 abstract cost.

Whether or not the agreement might be operative as a new contract and agreement to extend the debt or loan at 5% future interest on the obligation then accrued, is not now presented.

The defendants' pleadings, motion above noticed, makes some reference to an effort for desire to vacate the judgment, but in fact the sole object sought thereby was to have the judgment declared to have been paid and satisfied by the 1943 agreement and the tender made in conformity therewith; and defendants very appropriately so suggest in their present briefs. It follows that we need not consider whether the pleadings conform to the statutory requirements for the vacation of judgments. Even if the pleadings did so conform to statute in that respect, there is preserved herein no suggestion of any invalidity of the judgment as rendered. For the reasons stated, the order of the trial court purporting to vacate the judgment or declare the same satisfied was error.

The order and judgment appealed from is reversed and the cause is remanded, with directions to overrule defendants' motion to declare the judgment settled and satisfied, and to overrule objections to confirmation of sale based upon the agreement and tender set out in defendants' motion of May 10, 1944, and to proceed further in accordance with the rights and liabilities of the parties, and not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.