COMMISSIONERS OF LAND OFFICE — LIMITATIONS ON LOANS The Commissioners of the Land Office may not loan any one individual or family in excess of $80,000.00 and may not loan more than $200.00 per acre on any given tract of land. The Attorney General is in receipt of your letter wherein you request an opinion on the following questions: "1. May the Commissioners of the Land Office make farm mortgage loans in excess of $80,000.00? "2. May the Commissioners of the Land Office loan more than $200.00 per acre on security offered for farm mortgage loans?" Your letter further suggests that the Commissioners of the Land Office on many occasions could loan far in excess of $80,000.00 on property whose value would often exceed $200.00 per acre. You further suggest that the Commissioners of the Land Office should not be required to adhere to the strict terms of the Oklahoma statutes when more profit or interest could be earned by loaning monies in excess of the amounts set forth in your questions above. To answer your questions we first look to the Oklahoma Constitution, Article XI, Section 6, as amended in 1971, which provides in part as follows: "The permanent common school and other educational funds shall be vested in first mortgages upon good and improved farm lands within the state (and in no case shall more than fifty per centum .(50%) of the reasonable valuation of the lands without improvements be loaned on any tract) . . . . ". . . "The Legislature shall provide the manner of selecting the securities aforesaid, prescribe the rules, regulations, restrictions, and conditions upon which the funds aforesaid shall be loaned or invested, and do all things necessary for the safety of the funds and permanency of the investment." Pursuant to the grant of authority to the Legislature in the above provisions of Article XI, Section 6, the Oklahoma Legislature enacted the following legislation, to-wit: 64 O.S. 52 [64-52] (1975), which provides in part as follows: " (a) Such investments shall be made in first mortgages upon good and improved farm lands located within the State of Oklahoma, the cash value of which, disregarding all improvements, is at least double the amount of the loan, and the fair rental value of which is equal to the annual payments which are to be made by the borrower, and not to exceed Eighty Thousand Dollars ($80,000.00), shall be loaned to any individual or family. ". . . "No loan shall be made on a tract of land of less than twenty (20) acres and in no case shall more than an average of Two Hundred Dollars ($200.00) per acre be loaned, regardless of value. ". . . "(j) It shall be the duty of the Commissioners of the Land Office to authorize and approve all loans made and see to it that same are made in strict conformity to this act, and to authorize and approve all investments made from funds under their management and control." Your letter also refers to two previous Attorney General's opinions and the Supreme Court decision of Topp v. Munger,131 Okl. 282, 268 P. 1100 (1928), and suggests that these opinions and the Court decision are supportive of your position that the Commissioners of the Land Office should not be bound by the strict terms of the above statute. These opinions and the Court decision have been reviewed by this office and are found not to support your contention. The Constitution, as amended in 1971, Article XI, Section 6, above quoted, clearly reserves to the Legislature the right to make rules and regulations concerning the investment of these funds. Pursuant to that authority certain restrictions and guidelines were set forth in Section 52, above quoted. Where the mandate of the Legislature is clear, there is no discretion remaining in the Commissioners of the Land Office to deviate from those constitutionally allowed rules and regulations. See also State, ex rel. Commissioners of the Land Office v. Weems,197 Okl. 106, 168 P.2d 629 (1946), wherein the Court stated in part, considering a problem of foreclosure on a loan made by the Commissioners of the Land Office, as follows: "The Commissioners of the Land Office are authorized to make loans from the school fund and to collect the obligation made to the State in consideration thereof only in the manner prescribed by law." Also State, ex rel. Commissioners of the Land Office v. Schneider,197 Okl. 57, 168 P.2d 288 (1946), wherein the Court with reference to the rules and regulations promulgated by the Legislature concerning investment and lending of monies by the Commissioners, stated: "The right and authority of the Legislature to promulgate such a rule is not questioned and would seem to be certain." It is, therefore, the opinion of the Attorney General that your questions (1) and (2) be answered in the negative in that the Commissioners of the Land Office may not loan any one individual or family in excess of $80,000.00 and may not loan more than $200.00 per acre on any given tract of land. (JAMES H. GRAY) (ksg)