**Reverend Billy Joe CLEGG, Plaintiff,**

v.

**Lee SLATER et al., Defendants.**

**No. CIV–76–0743–E.**

United States District Court,
W. D. Oklahoma.

Oct. 7, 1976.

Reverend Billy Joe Clegg, pro se.

Larry Derryberry, Atty. Gen. of Oklahoma, and Michael Cauthron, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Civil rights action, brought by Billy Joe Clegg, pro se. The complaint reads as follows:

"In that Lee Slater, Secretary of The Oklahoma State Board of Elections, while representing The Okla. State Election Board and The State of Oklahoma did me prejudicial harm and violated my civil rights by refusing me the right to run for the office of President of The United States by refusing my application and entrance fee of $200.00 to run for The office of President of The United States as an independent candidate in The State of Oklahoma. My application was within the filing period dates set up by The Oklahoma Election Board.

"This is a direct violation of The Constitution of the United States of America, Article Two which spells out the qualifications for The President of the United States of America of which I have and do meet all those qualifications, namely: (1) must be a natural born citizen, (I was born 25 April 1928 in Tulsa, Oklahoma), (2) must have attained the age of 35 years old (I am 48 years old), (3) must have been a resident within The United States for 14 years of which I have been a resident within The United States for forty eight (48) years.

"It is a violation of The State Supreme Court of Oklahoma which authorized an Independent to run without party status namely Eugene McCarthy.

"I hereby do sue The State of Oklahoma, and the State Board of Elections and The Secretary of The State Board of Elections, namely Lee Slater for the amount of Seven Million dollars for personal and punitive damages which did irreparable damage to my campaign by hindering and interfering with my campaign in the State of Oklahoma."

Now before the court for disposition is defendants' motion for order of dismissal on the ground the complaint fails to state a claim upon which relief might be granted.

*Determination as to the defendants State Board of Elections and State of Oklahoma*

Federal courts are courts of limited jurisdiction. One of the jurisdictional limitations is embodied in the Eleventh Amend-

ment to the Constitution of the United States which provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Supreme Court of the United States has construed this Amendment as barring suits against a state by its own citizens. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The immunity provided by the Amendment extends to actions against agencies and instrumentalities of state government. *Hamilton Mfg. Co. v. Trustees of the State Colleges in Colorado,* 356 F.2d 599 (10th Cir. 1966). While a state may waive immunity by a voluntary appearance, waiver is not to be readily implied. *Richins v. Industrial Construction, Inc.,* 502 F.2d 1051 (10th Cir. 1974). Joining in a motion to dismiss for failure to state a claim has been found an indicium of consent to suit. *Gallagher v. Continental Insurance Co.,* 502 F.2d 827 (10th Cir. 1974). However, *Gallagher* is clearly distinguishable on the totality of its facts, including but not limited to joinder of the state as party defendant in the state court action to defeat federal court jurisdiction and joinder by the state in the removal petition. Furthermore, in *Gallagher,* plaintiffs sued to recover 55 million dollars *for* the treasuries of the state and the United States. In this action, plaintiff prays for recovery in damages of 7 million dollars *from* the treasury of the state.

Based on the facts in this case, the court finds no "extraordinarily effective waiver" and concludes the Eleventh Amendment is to be given "full effect." *Richins, supra* at 1056.

Accordingly,

IT IS ORDERED That the defendants State Board of Elections and State of Oklahoma be and the same hereby are dismissed and the complaint and the cause of action stated therein is dismissed as to them, on the ground these defendants are immune from suit herein.

*Determination as to the defendant Slater*

As a preliminary matter, the court notes that the Eleventh Amendment does not bar a suit against a state official, where it is alleged he is individually and personally liable for deprivation of federal rights under color of state law. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Thus the issue as to this defendant is whether the complaint fails to state a claim against him. For the sake of clarity and as the first step in answering the question before it, the court notes what is not in issue.

Article II Section 1 Clause 4 of the Constitution is not in issue. That clause delineates who is, and who is not, eligible to the Office of President. That plaintiff may be a person who is eligible is immaterial. Clause 2 of that Section and Article reserves to each state the authority to devise the procedure of selecting Electors who will determine by their votes who among a list of those eligible shall become President. Plaintiff does not attack the constitutionality of 26 O.S. § 10–101,[1] an enactment authorized under Article II, § 1, Clause 2 of the Constitution of the United States and providing for the manner of selecting Presidential Electors to represent the State of

---

1. "The nominees for President Electors of any recognized political party shall be selected at a statewide convention of said party in a manner to be determined by said party. The nominees for Presidential Electors shall be certified by said party's chairman to the Secretary of the State Election Board no fewer than ninety (90) days nor more than one hundred eighty (180) days from the date of the General Election at which candidate for President Electors shall appear on the ballot. Failure of a political party to properly certify the names of its nominees for Presidential Electors within the time specified shall bar such party from placing any candidates for Presidential Electors on the ballot at said election."

Oklahoma at the Electoral College, and that statutory procedure is not in issue.

Viewing the complaint in the light most favorable to plaintiff, and drawing from its allegations all reasonable inferences, it appears that what plaintiff does claim is that by refusing his filing, while allowing Eugene McCarthy to run, defendant Slater deprived him of the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution.

The claim is patently frivolous. Slater refused the filings of eight persons seeking to become candidates for Presidential Elector as independents sworn to support McCarthy for President. That the Supreme Court of Oklahoma later granted writ of mandamus to require acceptance of these Declarations of Candidacy, determining that "an independent cannot be required to be a member of a recognized political party to have access to the ballot"[2] has absolutely no bearing on the claim that this plaintiff suffered unequal treatment at the hands of this defendant.

Accordingly,

IT IS ORDERED That defendant Slater's motion for order of dismissal on the ground the complaint fails to state a claim be and the same hereby is granted.

Counsel for defendants is directed to prepare the appropriate judgment in accordance with this Memorandum Opinion and Order.

The Clerk of the Court is directed to mail a copy hereof to counsel of record.

2. *McCarthy et al. v. Slater,* 553 P.2d 489, 492 (Okl.1976).