Steve DAVIS, Petitioner,

v.

The STATE ELECTION BOARD OF OKLAHOMA, and Betty McElderry, Chairman; Angela Ables, Vice Chairman, Mona Lambird, Member, Respondents.

No. 71495.

Supreme Court of Oklahoma.

Sept. 13, 1988.

York & Slater by Lee Slater, Oklahoma City, for petitioner.

Robert H. Henry, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for respondents.

HODGES, Justice.

The issue in this case is whether the Oklahoma Constitution prohibits the enactment of a statute requiring an independent candidate for any state or county office to be registered to vote as an independent for the six-month period immediately preceding the first day of the filing period. The petitioner claims the statute is facially unconstitutional and requests a writ of mandamus to require the State Election Board to place his name on the 1988 general election ballot. We assume original jurisdiction and deny the writ.

Petitioner, Steve Davis, first sought elective office in 1986 as a Republican candidate for Corporation Commissioner. He was defeated in the run-off primary election. Soon thereafter, Davis began advertising his candidacy for the office of Corporation Commissioner in 1988, indicating no political affiliation.

On June 24, 1988, Davis registered as an independent voter. Prior to this time, he had been registered as a Republican. Davis filed a Declaration of Candidacy as an independent candidate for the office of Corporation Commissioner on July 13, 1988, within the filing period which began on July 11, 1988.

Bob Anthony, a Republican opponent, contested the Davis candidacy with the State Election Board asserting that Davis was ineligible to become an independent candidate because he had not been registered as an independent for six months prior to the first day of the filing period as required by Okla.Stat. tit. 26, § 5–105(B) (Supp.1987). The State Election Board found that Davis had violated the statute and ordered his name stricken from the November 8, 1988, general election ballot. Petitioner has asked this Court to assume original jurisdiction and issue a writ of mandamus compelling the State Election Board to place his name on the November, 1988, general election ballot.

Section 5–105(B) of title 26 provides:

To file as an independent candidate for any state or county office, a person must have been registered to vote as an independent for the six-month period immediately preceding the first day of the filing period prescribed by law and, under oath, so state.

This recently enacted statute parallels the requirement imposed on party candidates to register with a party six months prior to filing for office. Okla.Stat. tit. 26, § 5–105(A) (Supp.1987).

There is no question the statute was violated. Upon declaring his candidacy as an independent candidate for the Oklahoma Corporation Commission, Petitioner Davis was not registered as an independent voter for the six months immediately preceding the filing period. Petitioner contends, however, that section 5–105(B) conflicts with article 3, section 3 of the Oklahoma Constitution, rendering it invalid.

The Oklahoma Constitution provides for a mandatory primary system for party candidates. Since statehood, article 3 has also guaranteed the people a right to place independent, non-partisan candidates on the ballot. The current version of the guarantee provides:

The Legislature may enact laws providing for a mandatory primary system which shall provide for the nomination of all candidates in all elections for federal, state, county and municipal offices, for all political parties, except for the office of Presidential Elector, the candidates for which shall be nominated by the recognized political parties at their conventions. The Legislature also shall enact laws providing that citizens may, by petition, place on the ballot the names of independent, nonpartisan candidates for office, including the office of Presidential Elector.

Okla. Const. art. 3, § 3. Both the political party and independent candidate approaches are mandated by this provision. The question becomes whether the political disaffiliation requirement for independent candidates, contained in section 5–105(B), unconstitutionally restricts an independent candidate's access to the ballot. We hold it does not.

The designation "independent" indicates lack of affiliation with a political party. *Clegg v. Oklahoma State Election Board,* 637 P.2d 103, 107 (Okla.1981). State legislation that completely bars ballot access by independent candidates will be held unconstitutional. "[A]n independent candidate cannot be required to be a member of a recognized political party to have access to the ballot." *McCarthy v. Slater,* 553 P.2d 489, 492 (Okla.1976). The Legislature may, however, impose reasonable ballot access restrictions on candidates, so long as there is no conflict with the United States or Oklahoma Constitutions. Over fifty years ago, this Court noted:

It is the province of the Legislature to enact laws relative to the right to vote and the regulation of political parties. Such laws should be reasonable and not destructive to some constitutional right. It is for the Legislature to provide the manner by which candidates may have their names placed upon the ballot for any primary, special, or general election,

and so long as there is no interference with any constitutional inhibition, this court has no right to interfere. *Craig v. Bond,* 160 Okl. 34, 40, 15 P.2d 1014, 1020 (1932). The challenged statute is a reasonable ballot access restriction and is not constitutionally infirm.

Article 3, section 3 of the Oklahoma Constitution seeks to provide political opportunity, through ballot access, for both partisan and independent, nonpartisan candidates. The provision does not, as petitioner suggests, prevent the Legislature from regulating the manner by which this right is to be exercised. While the Oklahoma Constitution provides the right of access to the ballot for independent candidates, it does not render the Legislature powerless to regulate the manner by which access is to be obtained. A similar claim was firmly rejected in *Maddox v. Hunt,* 183 Okl. 465, 83 P.2d 553 (1938).

*Maddox* held that the constitutional provision which guaranteed nonpartisan candidacies did not prohibit the Legislature from requiring independent candidates to meet the same filing deadlines that were required for partisan candidates. In finding no violation of the right of independents to ballot access, the Court noted:

> Clearly the legislative act in question does not "exclude" such right. It merely imposes upon it the same limitations as are imposed upon partisan candidates, and it does not abridge the constitutional limitation upon the power of the Legislature.

183 Okl. at 466, 83 P.2d at 555. The same can be said of the political disaffiliation requirement. It does not exclude independent candidates from the ballot. It merely insures that one who files for office as an "independent" is in fact nonpartisan.

The challenged statute actually furthers the constitutional mandate of ballot access for independents by requiring that only truly nonpartisan candidates reach the general election ballot. It bars access to the ballot only to those "independent" candidates who are so recently affiliated with a political party that their status as a nonpartisan candidate cannot be demonstrated.

Section 5–105(B) and its counterpart for partisan candidates, section 5–105(A), recognize that a candidate cannot be partisan and nonpartisan at the same time. The candidate is required to provide an objective manifestation of either party affiliation or nonpartisanship by registering to vote in accord with that status six months prior to filing for office.

Section 5–105(B) fills a void that was present in the candidate filing requirements until 1987. Prior to that time, party candidates were subject to a six-month political affiliation requirement but independents were not required to be disaffiliated from a political party. While partisan candidates could not switch political affiliation to another party for six months prior to filing and remain qualified for office, a partisan candidate could become an "independent" during that time. Partisan candidates were free to declare themselves "independent" when it was politically expedient, rather than when they had sincerely embraced nonpartisanship. Section 5–105 now requires that both partisan and nonpartisan candidates file for office according to their true affiliation.

The United States Supreme Court upheld a similar California statute containing a one-year disaffiliation requirement for independent candidates in *Storer v. Brown,* 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 *reh'g. denied,* 417 U.S. 926, 94 S.Ct. 2635, 41 L.Ed.2d 230 (1974). The Court noted that

> the one-year disaffiliation provision furthers the state's interest in the stability of its political system. We also consider that interest as not only permissible, but compelling and as outweighing the interest the candidate and his supporters may have in making a late rather than early decision to seek independent ballot status.

*Id.* 415 U.S. at 736, 94 S.Ct. at 1282. The requirement was held to be a valid, absolute bar to candidacy. *Id.* at 737, 94 S.Ct. at 1282.

The California statute in *Storer* "was designed to protect against the disorganizing effect of independent candidacies

launched by unsuccessful putative party nominees." *Tashjian v. Republican Party*, 479 U.S. 208, 107 S.Ct. 544, 553, 93 L.Ed.2d 514 (1986). The *Storer* Court recognized the state's interest in reserving the general election ballot for major struggles, rather than intraparty feuds and observed that a disaffiliation requirement

protects the direct primary process by refusing to recognize independent candidates who do not make early plans to leave a party and take the alternative course to the ballot. It works against independent candidacies prompted by short-range political goals, pique, or personal quarrel. It is also a substantial barrier to a party fielding an "independent" candidate to capture and bleed off votes in the general election that might well go to another party.

415 U.S. at 735, 94 S.Ct. at 1281. In short, the political disaffiliation requirement reserves the general election ballot for the truly independent candidate, not the loser of an intra-party contest who is seeking a second chance.

The political disaffiliation requirement of section 5–105(B) does not exclude independent candidates from the general election ballot.[1] The regulation does not unfairly or unnecessarily burden an independent candidate's interest in the continued availability of political opportunity. *Clegg*, 637 P.2d at 106. It merely requires a demonstration of nonpartisanship through disaffiliation with a political party six months before filing for office. The ability of the Legislature to enact reasonable ballot access requirements for independent candidates is not limited by article 3, section 3 of the Oklahoma Constitution. Section 5–105(B) is not an impermissible obstacle to independent candidates and in no way offends the constitutional mandate that the independent candidate approach must be provided as an alternative to political partisanship.

WRIT DENIED.

1. The provisions of section 5–105(B) do not apply to judicial candidates who run on a nonpartisan ballot or stand for retention.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA and ALMA WILSON, JJ.

KAUGER, J., recused.

SUMMERS, J., not participating.