The STATE of Oklahoma ex rel. John M.
LYDICK, Chairman, et al.,
Petitioners,

v.

Elvin J. BROWN, District Judge, Division
One, 21st Judicial District, State of
Oklahoma, Respondent.

No. 46937.

Supreme Court of Oklahoma.

Oct. 31, 1973.

Preston Trimble, Dist. Atty., Jim Edmondson, Asst. Dist. Atty., Cleveland County, Norman, for petitioners.

Glenn E. Floyd, Floyd & Oliphant, Norman, for respondent.

SIMMS, Justice:

Petitioners, members of the Cleveland County Election Board, ask this Court to assume original jurisdiction and issue a writ of prohibition against the nominal Re-

spondent, District Court Judge of Cleveland County, prohibiting him from ordering the Election Board to accept a $250.00 deposit and grant a recount of all ballots cast on a $3.8 million municipal bond issue election held on October 2, 1973, in Norman, Oklahoma.

The results of the election were certified at 4,863 in favor of the bond issue, and 4,889 against it.

Elizabeth S. Smith, a resident and registered voter of Norman, who seeks to sustain the order of the trial judge in these proceedings, deposited $250.00 with the Election Board and asked for a recount. When her request was denied, she sought a writ of mandamus from the District Court against the Election Board. Respondent, Judge Elvin Brown, heard the matter and ordered the recount.

The parties agree that Oklahoma Statutes do not provide for a ballot recount on Municipal Bond questions. It is further agreed that the question to be decided is whether the District Court possesses equitable powers to provide for election recounts on propositional questions.

Respondent contends that the legislature has not prohibited a recount of votes in propositional elections, but, the legislature by omitting to provide for such recounts has acknowledged the court's authority to grant equitable relief; and, that to hold there is no recount is to leave the taxpayers without a remedy.

Respondent makes no allegation of fraud or mistake, but merely alleges the possibility of error in tabulating the vote, and the trial court stated in its formal finding of facts:

" * * * Plaintiff makes no allegation of fraud or conspiracy, but merely relies on the possibility of error in tabulating the vote as the ground for relief."

The Election Board states that the Oklahoma Statutes authorize recounts only for candidates for office, and that propositional municipal bond elections are not subject to recount.

Title 26, O.S.1971, § 391, provides in part:

"Any candidate for party nomination to county office may . . . file with the secretary of the county election board his or her challenge of the correctness of the announced results of said primary election by filing with the secretary of the county election board, whose duty it is to canvass the returns in such a race, a written application requesting a recount of the ballots, as to one or more of the precincts in such county and where said application is accompanied by a cash deposit in the sum of not less than Two Hundred Fifty Dollars ($250.-00), for each county. It shall be the duty of said election board to order said recount and proceed with the same as herein provided."

Title 26, O.S.1971, § 392, makes essentially the same provisions for recounts for candidates in general elections.

Title 11, O.S.1971, § 26, provides in part:

" * * * The provisions of the State election laws governing recounts are hereby specifically made applicable to municipal general and special elections."

■ It is clear and undisputed that the above-quoted statutes do not specifically provide for recounts in elections involving municipal bond elections. The question is whether the recount in bond elections is a right which can be protected by the courts in absence of statute.

■ There was no right to a recount of elections at common law, and the right to a recount in Oklahoma is purely statutory. Dabney v. Hooker, 121 Okl. 193, 249 P. 381 (1926); Brickell v. State Election Board, 203 Okl. 361, 221 P.2d 783 (1950).

■ Absent statutory authority, a recount of a municipal bond question will be required only when equity demands it in order to relieve from proven mistake, misconduct or fraud. The writ of mandamus will not lie to require a recount in search of error or misconduct. The quantum of

proof required to show mistake, misconduct, or fraud should be liberally construed so as to encourage free, honest, and open elections but a mere allegation of the possibility of error in no way dignifies itself as the quantum of proof required.

This Court stated its thinking on the right to a determination of the validity of an election in the case of Henry v. Oklahoma City, 188 Okl. 308, 108 P.2d 148 (1940). In that case, a taxpayer sought to inspect ballot boxes in an attempt to have an election declared void for fraud:

"There is also a well-established rule of law that public officials are presumed to do their duty. We therefore have, not only a legal presumption that each of the election officials of the various precincts did their duty, and properly tabulated and counted the votes in their respective precincts, but we have a statutory provision which makes their returns prima facie evidence of the correctness of said vote . . . To open the ballot boxes and count the ballots without such proof would be to reject the returns and ignore the certificate of election . . . To do this would be to totally disregard the expressed provisions of our statutes and the decisions of this Court on this question. It will not do to say that the presumption as to the correctness of the returns may be overcome by a recount of the ballots, because the moment the court begins to count the ballots the returns have been disregarded, thrown aside, and held for naught. Otherwise, there would be no need to count the ballots.

"All contentions at this stage of the proceedings about the ballots being the best evidence of the votes cast is begging the question, until said prima facie evidence and presumptions are overcome and the returns are destroyed. Then, and then only, does an issue arise which requires that the ballot boxes be opened and the ballots counted by the court. Any other rule would practically eliminate the necessity of the ballots being counted by the election officials, as defeated candidates invariably believe that a mistake has been made, and would so allege in order that they might go on a 'fishing expedition,' and perchance, by a recount of all the ballots cast, discover a mistake in the election returns as made."

Respondent cites Okla.Const., Article II, § 6, which provides essentially that there shall be no wrong suffered but what the courts shall provide a remedy.

The problem with the respondent's allegations in the instant case, is that they do not state respondent or any other person has suffered any wrong by reason of fraud, mistake or misconduct. The only injury that can be shown by respondent is that the side of the question favored by her failed to receive a majority of the votes cast. There is no prohibition against another election being held on the same bond question, and there is nothing to prohibit the respondent from asking the legislature to provide for recounts in municipal bond propositional questions.

There is little doubt, however, that this Court could invoke its jurisdiction to command a recount upon a sufficient showing of fraud, misconduct, or mistake. This Court is concerned that elections be conducted honestly and efficiently, and we will not permit a technical rule to deny the Court's right in a proper case to determine whether an election was fraught with fraud, misconduct, or mistake. The confidence of the people in the system of elections is mandatory to our system of government. We do not believe the case at bar is such a proper case in that fraud or misconduct was not alleged and there has been absolutely no showing of mistake or even an allegation that mistake, in fact, existed in the bond election itself.

What the respondent asks is for this Court to hold that there is an inalienable right to a recount. We are not compelled to so hold. Original jurisdiction is assumed, and Writ of Prohibition Granted.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN and BERRY, JJ., concur.

HODGES, LAVENDER, BARNES and DOOLIN, JJ., dissent.