Larry WOOD, Appellant,

v.

John M. LYDICK, Chairman, et al., Appellees,

and

Norman Cable T.V., Inc., Intervenor.

No. 47161.

Supreme Court of Oklahoma.

June 18, 1974.

Floyd & Oliphant, Norman, for appellant.

Preston A. Trimble, Cleveland County Dist. Atty. by Jim Edmondson, Asst. Dist. Atty., Norman, for appellees.

Luttrell, Pendarvis & Rawlinson, Norman, for intervenor.

DOOLIN, Justice.

This is an action for a writ of mandamus to compel the members of the Cleveland County Election Board to conduct a recount of the results of a municipal franchise election conducted in the City of Norman, Oklahoma, on the 4th day of December, 1973, concerning the granting of a cable television franchise to the Intervenor herein (Norman Cable T.V., Inc.). The results of said election were in favor of granting the franchise, and Appellant Wood, a resident and duly qualified elector in the City of Norman, Oklahoma, petitioned the Cleveland County Election Board for a recount of all ballots cast in said election, alleging voting irregularities therein. The petition fails to allege that the irregularities would change the previously certified outcome of the election, nor does it seek to set aside the election. The county election board denied the requested recount, and Wood brought this action in the District Court of Cleveland County, Oklahoma; Norman Cable T.V., Inc. was allowed to intervene therein by order of that district court.

At trial of the action in the district court, objections to Wood's evidence of the alleged irregularities were sustained as being irrelevant, incompetent, and immaterial. Wood's offer of proof as to probable irregularities in the election proclamation as to the number of precincts authorized and the actual number of precincts where the election was held was overruled by the court without prejudice to actual proof in the later stages of the trial. No proof as to this vital point was forthcoming. Demurrer to Wood's evidence was sustained on the grounds that there was no evidence of fraud, misconduct, or mistake in the conduct of the election sufficient to show a change in the outcome of said election. Wood appeals to this Court, complaining of the order of the District Court of Cleveland County sustaining the demurrer to the evidence.

The dispositive issue in this case as found in our review of the record in the trial court, the transcript of proceedings, and the briefs submitted by the parties hereto, is whether or not a district court, upon proper application, can order a county election board to conduct a recount of ballots cast in a municipal election in the

absence of a showing of irregularities that *would alter the outcome* of the election.

Appellant's evidence showed that in one precinct a transposition of the results was inadvertently made by the precinct's officials. The result was certified as being 73 affirmative and 14 negative votes, when in truth and in fact the result was exactly the opposite. The total vote as reported, including the erroneous report from the box in question, showed 2,835 in favor of the proposition and 2,715 against. After corrections of the transposed vote result, the totals were 2,776 in favor and 2,774 against. Obviously, the mistake did not change the result of the election.

Appellant offered to prove that in another precinct or box two illegal voters had cast ballots. He did not offer proof as to whether such allegedly irregular votes would have been for or against the proposition.

■ Wood does not seek to set aside the election in this case; he merely seeks a Writ of Mandamus compelling the Cleveland County Election Board to conduct a recount. He argues that the recognized rule in Oklahoma—that an election will not be set aside absent showing of irregularities that would change the result—places too much emphasis on tabulation of irregularities and allows more flagrant errors. This argument, it seems to us, is based upon the mistaken idea that a recount is available regardless of whether such a recount would change the result of the election. We are convinced that the irregularities in a propositional election must be shown to be such that they would change the result. We see no reason why the rule regarding the necessity of a showing that irregularities would change the result of the election should not be applied in an action seeking a recount absent legislative intent. The rationale for this Court's position is stated in the earlier case of Dunagan v. Town of Red Rock, 58 Okl. 218, 158 P. 1170 (1916), which involves irregularities in a municipal bond election:

"To warrant setting aside the election, it must affirmatively appear that these votes, if illegal, were cast in favor of the issuance of the bonds. The mere circumstance that improper votes were received is not, of itself, sufficient to vitiate the election. It is not enough to say that illegal votes were cast; it must be shown that a sufficient number of such votes were cast for the successful issue or proposition to change the results."

In the case of Groves v. Board of County Commissioners, Washita County, Okl., 429 P.2d 994 (1967), we dealt with the effect of the inability of a Petitioner to prove how irregular voters would have voted and we held:

"Petition seeking declaration that industrial development bond issue voted by county was void and seeking to enjoin issuance and sale of such bonds did not state a cause of action ·notwithstanding allegation that while bond issue passed by majority of 42 votes there were 136 illegal votes in the election, where there were no allegations in petition as to number of alleged illegal votes cast in favor of and against bonds."

See also Henry v. Oklahoma City, 188 Okl. 308, 108 P.2d 148 (1940) where this Court stated:

"Where it is sought to review the validity of an election on the ground of illegal voting, those seeking to overcome the result as declared by the election officers have the burden of proving, not only that illegal votes were cast in sufficient number to change the result, *but by whom and for whom, or for what issue or question submitted such votes were cast*." (Emphasis supplied.)

■ No right to recount exists at common law, State ex rel. Lydick v. Brown, 516 P.2d 239 (1973). Recount is therefore a creature of the statutory law and is provided only for candidates for elective office and this by virtue of 26 O. S.1971 §§ 391 and 392. The provisions of the last mentioned statute have been extended to municipal elective offices by 11 O.S.1971 § 26. Lydick v. Brown, supra, at page 241, makes it clear that an allegation

of fraud, misconduct or mistake may be grounds for a recount:

"There is little doubt, however, that this Court could invoke its jurisdiction to command a recount upon a sufficient showing of fraud, misconduct, or mistake. This Court is concerned that elections be conducted honestly and efficiently, and we will not permit a technical rule to deny the Court's right in a proper case to determine whether an election was fraught with fraud, misconduct, or mistake. The confidence of the people in the system of elections is mandatory to our system of government. We do not believe the case at bar is such a proper case in that fraud or misconduct was not alleged and there has been absolutely no showing of mistake or even an allegation that mistake, in fact, existed in the bond election itself."

The trial court was therefore justified in presuming that the election was regular; see City of Tecumseh v. City of Shawnee, 148 Okl. 128, 297 P. 285 (1931). We hold that Petitioner, or Appellant in this case, must not only allege and prove fraud, misconduct or mistake but that he must also allege that such acts would change the result of the election.

The action of the trial court is therefore affirmed.

All Justices concur.