**Accountability Gene BURNS, Petitioner,**

v.

**Lee SLATER et al., Respondents.**

**No. 47877.**

Supreme Court of Oklahoma.

Nov. 5, 1974.

Certiorari Denied June 23, 1975.

See 95 S.Ct. 2663.

Accountability Burns, pro se.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for respondents.

SIMMS, Justice:

Petitioner filed an action for writ of mandamus in the District Court of Tulsa County against Lee Slater as Secretary of the State Election Board to have himself placed on the ballot as an Independent candidate for the office of Governor. In his petition, Burns alleged that he was indigent and unable to acquire the $1,500.00 fee necessary to file for the office.

After hearing, the trial court sustained Respondent's motion to quash and plea to the jurisdiction and venue.

Petitioner, not an attorney, has filed, pro se, a pleading with the Clerk of this Court styled "Petition in Error" which recites in part:

"Decisions of defendant (Slater) as Secretary of State Election Board, of the State Election Board itself, and of the Legislative Council have been made which have denied petitioner a place on the November ballot. Appeals of these adverse decisions have been taken to the Attorney General and to District Courts in Tulsa and Oklahoma County, in addition to an inquiry to the intermediate Appellate Court of the Supreme Court. Further protest is made to the State Supreme Court directly."

Petitioner also complains the trial court failed to hear his complaint.

■ The trial court was correct in dismissing the case since it was improperly brought in Tulsa County. The State Election Board is a State agency officially residing in Oklahoma County and any action against the Board must be brought in Okla-

homa County. See, *Department of Corrections v. Brock,* Okl., 513 P.2d 1293 (1973).

A motion to dismiss the "Petition in Error" has been filed for the Respondent by the Attorney General. No response has been filed by Petitioner. Since the election in question is less than a week away, we deem it necessary to dispose of the case without procedural delay.

Petitioner has filed his pleadings in this Court without the assistance of counsel, which he says he is unable to afford. The pleadings filed state facts and pray for relief which can be treated as both a petition in error and an attempt for an original action in this Court for writ of mandamus. It would be proper to dismiss the appeal and action on the grounds prescribed appellate procedure has not been followed. The case, nevertheless, has been decided on its substantive merits.

The right to run for elective office is a valuable one guaranteed to those who meet certain minimum constitutional and statutory requirements.

Although Petitioner states no legal reason on the face of his pleadings why he should be placed on the ballot as candidate for Governor, a brief recitation of the alleged facts will be given.

Petitioner has filed with the State Election Board a "Notification and Declaration of Candidacy as an Independent for the office of Governor." He admittedly did not attach a $1,500.00 cashier's check nor did he attach a petition signed by five per cent of the qualified electors eligible to vote in the next election. Compliance with either alternative would have required the Election Board to place the Candidate on the ballot.

Title 26, O.S.1971, § 161, provides in part: "No person shall be allowed to become a candidate in any general election unless he shall have complied fully and completely with the provisions of this chapter. Notifications and declarations filed with the State Election Board must be accompanied by a petition supporting a candidate's filing signed by five percent (5%) of the electors eligible to vote for the candidate in the first election wherein the candidate's name could appear on the ballot, as reflected by the official registration reports filed January 15 of the year during which filing is offered, or by a cashier's check or certified check in the amount of Two Hundred Dollars ($200.00); provided, however, such cashier's check or certified check shall be in the amount of Fifteen Hundred Dollars ($1,500.00) if such person shall be a candidate for Governor. . . ."

Petitioner admits he has not complied with the statute, but complains the statute is unconstitutional as being discriminatory against indigents.

The United States Supreme Court has recently considered the constitutionality of state statutes requiring the payment of filing fees by candidates for state office.

In *Lubin v. Panish,* 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974), a California statute requiring all candidates to pay filing fees was struck down when challenged by an indigent candidate. The Court cited *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), which recognized the state's interest in keeping frivolous candidates off the ballot by setting certain minimum requirements. The Court held in *Lubin* "that in the absence of reasonable alternative means of ballot access, a State may not, consistent with constitutional standards, require from an indigent candidate filing fees he cannot pay."

The Court suggested a reasonable alternative for testing the "seriousness" of a candidate might be to require him to file a petition for a place on the ballot signed by a percentage of those who voted in a prior election.

The Oklahoma statutory method of placing candidates on the ballot by requiring either a filing fee or a petition signed by five per cent of the voters complies with the method suggested by the United States Supreme Court. The Statute in question is reasonable in its purpose, does not unduly discriminate against indigents, and is therefore, constitutionally firm.

The relief prayed for by Petitioner is Denied.

Application for Mandamus Denied. Petition in Error Dismissed.

All the Justices concur.