**Eugene McCARTHY et al., Petitioners,**

**v.**

**Lee SLATER, Secretary of the State Election Board, et al., Respondents.**

**No. 49899.**

Supreme Court of Oklahoma.

July 23, 1976.

Irving L. Faught, John C. Gatlin, Oklahoma City, for petitioners.

Larry Derryberry, Atty. Gen., Michael Cauthron, Angela Ables, Asst. Attys. Gen., Oklahoma City, for respondents.

LAVENDER, Justice:

Petitioners, William Nerin, Paula Kesselring, James Barrett, Donald Allen, Ronald McGuffee, Joanne Forgue, Paul N. Denner, and James Murray (candidates), individually sought to become a non-partisan candidate for Presidential Elector and have each of their names printed on the November, 1976, General Election ballot as an independent sworn to support Eugene McCarthy for the Office of the President. petitioner Eugene McCarthy, as an independent candidate for President, sought the other petitioners (candidates) to be placed on the ballot as independent candidates for Presidential Electors for him. By affidavit, McCarthy asserted he is an independent candidate for the Presidency and his candidacy is a serious effort. The Secretary of the State Election Board, Slater, (Secretary), refused the filings.

By this original action, petitioners ask this court to assume original jurisdiction and issue writ of mandamus against the respondents, the State Election Board, its Secretary, and other proper officials for the necessary relief. Parties make this controversy a matter of law and do not put at issue matters of fact.

The original jurisdiction of this court extends to a general superintending over all Agencies and Boards created by law. Const. Art. 7, § 4. We assume jurisdiction of this matter.

The Supreme Court of the United States has many times given constitutional protection to the elector, his vote, and the ballot. A qualified citizen is constitutionally protected in his right to vote and have that vote counted.[1] "No right is more precious in a free country than that of having a voice in the election of those who make the law under which, as good citizens, we must live."[2] Voting freely for the candidate of one's choice is the essence of a

1. *Ex Parte Yarbrough*, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; *United States v. Mosley*, 238 U.S. 383, 35 S.Ct. 904, 59 L.Ed. 1355; *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663; *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368.

2. *Wesberry v. Sanders*, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481.

democratic society. A restriction on that right strikes at the heart of representative government.[3]

Our present election code became effective January 1, 1975. It was codified as Title 26 of the Oklahoma Statutes. Laws 1974, c. 153. Presidential Electors is the subject of Article X of that code. § 10–101, et seq. It allows the nominees for Presidential Electors of any *recognized political party* to appear as candidates on the General Election ballot. That article continues with necessary machinery so an individual elector at the appropriate General Election [4] may effectively cast his vote for a recognized political party's candidates for President and Vice President by voting for that party's candidates for Presidential Electors.

Petitioners argue the denial of the acceptancy of their candidacy as independents for Presidential Elector and through them the independent candidacy of McCarthy for President is a violation of the United States Constitution under the First, Twelfth, and Fourteenth amendments.

Respondents, the Board and its Secretary, argue (1) petitioners' accessibility to the ballot as a recognized political party and then through Article X of the Code, particularly §§ 1–108, 10–101 through 109; (2) limitation of candidacy for Presidential Elector to nominees of a recognized political party is a proper control of the ballot to protect it from being impeded by sheer weight of numbers, and frivolous or fraudulent candidacies; and (3) petitioner candidates are a political party by each swearing to support candidate McCarthy for President.

" * * * (T)he political party and the independent candidate approaches to political activity are entirely different and neither is a satisfactory substitute for the other." *Storer v. Brown,* 415 U.S. 724, 94 S. Ct. 1274, 39 L.Ed.2d 714. That opinion refused to require an independent candidate to accept the formation of a new political party as an alternative and his constitutional way to obtain access to the ballot. This requires the non-party man to consider himself a party man for the purpose of becoming a candidate. The political party route cannot be made his sole route.

■ A state has a legitimate interest in regulating the number of candidates on the ballot. *Jenness v. Fortson,* 409 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554. After citing *Williams v. Rhodes,* 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24, this language is found in *Storer, supra:*

"Similarly, here, we perceive no sufficient state interest in conditioning ballot position for an independent candidate on his forming a new political party as long as the State is free to assure itself that the candidate is a *serious contender, truly independent, and with a satisfactory level of community support."* (Emphasis added.)

In *Jenness, supra,* a state statute was upheld that required of an independent candidate a nominating petition, signed by not less than five per cent of the total number of eligible electors in the last election, to have his name on the ballot at the general election.

Oklahoma's election code through Article X and § 1–108 provides for adequate, sufficient, and constitutional controls for protecting its legitimate interest in the selection of Presidential Electors from recognized political parties. Permissive control to protect the legitimate state interest as to independent candidates for Presidential Electors, and through them an independent candidate for President, has not been legislatively exercised through the statutory election code presently in effect in this state.

---

3. *Reynolds v. Simms,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506.

4. The appropriate General Election is that one in November in the year next preceding the expiration of the term of office of President. 26 O.S.1974, § 10–103.

**492**

Here the petitioner candidates have sworn to support McCarthy as an independent candidate for President. This alone does not make a political party. As said in *Storer, supra:*

"A new party organization contemplates a *statewide, ongoing organization with distinctive political character.* Its goal is typically to gain control of the machinery of state government by electing its candidates to public office. From the standpoint of a potential supporter, affiliation with the new party would mean giving up his ties with another party or sacrificing his own independent status, even though his possible interest in the new party centers around a particular candidate for a particular office." (Emphasis added.)

This court in *Swindall v. State Election Board*, 168 Okl. 97, 32 P.2d 691, mentioned elements of a political party to include "united in opinion and organized in the manner usual to the then existing political parties." Nothing here indicates the petitioners have an ongoing organization usual to existing political parties.

Although one might challenge the possibility of success of the independent candidacy of McCarthy, it is difficult to challenge the seriousness of that candidacy. His supporting affidavit sets out his serious effort to win the presidency, his political experiences, and record, and the substantial number of states in which his independent candidacy will appear on the general election ballot. Each of the independent Presidential Electors in this case complied with § 5–112 of the election code by tendering a filing fee. That section requires a Declaration of Candidacy to be accompanied by a supporting petition of a particular percent or a filing fee. This suggests the seriousness of a candidacy may be established through either a support petition or payment of a fee.

We hold an independent candidate cannot be required to be a member of a recognized political party to have access to the ballot; by swearing their support of an independent candidate for President, the petitioner candidates are not a political party required to become recognized by complying with § 1–108 to appear on the ballot; and there is presently no permitted statutory control based on a legitimate state interest as to independent Presidential Electors candidates. The petitioners must be allowed access to the ballot for the November, 1976 General Election.

Jurisdiction assumed and writ of mandamus granted.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, SIMMS and DOOLIN, JJ., concur.

BERRY and BARNES, JJ., dissent.