917 P.2d 466 (1996)
Michael L. COOPER, Appellee,
v.
STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.
No. 84957.
Supreme Court of Oklahoma.
April 2, 1996.
Mike O'Brien, Oklahoma Department of Public Safety, Oklahoma City, for appellant.
Stephen G. Fabian, Jr., Edmond, for appellee.
*467 HODGES, Justice.
The issue in this case is whether the district court improperly modified the plaintiff's driver's license revocation for employment purposes when he was only casually employed. We answer in the negative.

I. FACTS
On November 12, 1993, the plaintiff, Michael L. Cooper, pulled in front of an oncoming vehicle causing a collision. While investigating the accident, the officer noticed signs of intoxication. After the investigating officer informed Cooper that there was a chance he could be arrested for driving under the influence of alcohol, Cooper complained of injuries and was taken to the hospital. After Cooper was examined and released from the hospital the same night, the officer arrested him and he was taken to jail.
At the jail, the officer informed Cooper of Oklahoma's law of implied consent to a chemical test. Cooper consented to a breathalyzer the result of which registered a .13 alcohol concentration. When the Department of Public Safety (DPS) received the officer's sworn report and affidavit, it revoked Cooper's driver's license for one year. Cooper appealed the revocation to the district court. In the district court, Cooper sought to have the revocation vacated or, in the alternative, to have the revocation modified to permit him to drive to and from his employment.
At the hearing before District Judge Russell Hall, Cooper testified that he was a member of 798 Pipelines Union in Tulsa, Oklahoma. He was number seven or eight on the union's out-of-work list and was waiting to be sent to a job probably within one to two weeks. He admitted that he had not been employed for over a year. Cooper testified that he had no other means of transportation if he were dispatched to a job. Cooper stated he would suffer an extreme hardship without the modification and lose employment opportunities.
Before the trial court, DPS argued that Cooper's employment was too attenuated to allow a modification. Over DPS's objection, the trial court granted the modification but limited driving privileges to:
going to and from a job site in all parts of the country with documentation showing [Cooper] is assigned by the Pipefitters Union to a location for work. [Cooper] shall also be permitted to drive to and from his *468 location of temporary residence at the job local, to the specific job site.
The Court of Appeals reversed the trial court finding that, before the trial court could grant an employment-related modification, Cooper had to be presently under an extreme hardship and be presently employed. The Court of Appeals found that Cooper's employment was insufficient to meet these criteria.

Analysis
Section 755 of title 47 provides that a district court may modify a driver's license revocation
in cases of extreme and unusual hardship when it is determined by the court that the person whose license or permit to drive has been revoked or denied has no other adequate means of transportation and enter a written order directing the Department of Public Safety to allow driving ... [t]o and from a place of employment.
Okla.Stat. tit. 47, § 755(A)(1) & (4) (Supp. 1993).
Cooper has what is defined as casual employment. Casual employment is defined as: "Employment at uncertain or irregular times. Employment for short time and limited and temporary purpose. Occasional, irregular or incidental employment." Black's Law Dictionary 198 (5th ed. 1979). Cooper's employment clearly falls within this definition.
DPS argues that section 755 excludes Cooper's employment in that section 755 requires present employment before an extreme and unusual hardship can exist. DPS bases this argument on what it perceives to be the legislative intent after applying rules of statutory construction. The DPS does not argue that section 755 is ambiguous or in conflict with other statutes.
When applying a statute, this Court will ascertain the legislative intent. Tate v. Browning-Ferris, Inc., 833 P.2d 1218, 1228 (Okla.1992). If the legislative intent is clear from the plain language, there is no room for statutory construction. Wiley Electric, Inc. v. Brantley, 760 P.2d 182, 186 (Okla.1988). In this case, there is no room for statutory construction because the legislative intent can be ascertained from the plain language of section 755(A)(1).
Subsection 755(A)(1) provides for a modification in the case of an extreme and unusual hardship when the person has no other means of transportation to allow the person to go "[t]o and from a place of employment." The legislature in enacting subsection 755(A) did not specify any limitations such as the DPS advocates. The legislature could have easily restricted the provision allowing the modification but chose the broad, encompassing term "a place of employment". Section 755(A)(1) is sufficiently broad to allow a modification for casual employment such as Cooper's.
The purpose of section 755(A)(1) is to allow persons who have had their driver's license revoked to work. It is no less important for casual employees to go to and from their places of employment than those with an eight-to-five job. The district court's modification allowing Cooper to go to and from his work was within the plain language of the statute and consistent with the legislative intent.
DPS also argues that section 755(A) requires the modification order expressly provide the time and circumstances to which it applies. The order allows Cooper to drive
while going to or from a job site in all parts of the country with documentation showing he is assigned by the Pipefitters Union to a location for work. He shall also be permitted to drive to and from his location of temporary residence at the job local to the specific job site.
This order provides the specific time and locations Cooper is allowed to drive: only when he is going to and from work can he drive, and then he can drive anywhere in the country. In Cooper's situation, it would be difficult to specify a more definite time and still accomplish the goals of the statute. Further, with the safeguards placed on the modification, it should be simple to determine whether Cooper is in violation of the district court's order.
In conclusion, the trial judge did not abuse his discretion in allowing the modification *469 and in setting out the circumstances, time, and location when Cooper is allowed to drive. For this reason, the Court of Appeals' opinion is vacated, and the district court's order is affirmed.
CERTIORARI PREVIOUSLY GRANTED. COURT OF APPEALS' OPINION VACATED; DISTRICT COURT'S ORDER AFFIRMED.
ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.
SIMMS, J., dissents.