**Jerry Lee TOBEY, Appellant,**

**v.**

**STATE of Oklahoma, ex rel., DE-PARTMENT OF PUBLIC SAFETY, Appellee.**

No. 87487.

Court of Appeals of Oklahoma, Division No. 3.

July 12, 1996.

Rehearing Denied Aug. 23, 1996.

Certiorari Denied Oct. 30, 1996.

Stephen G. Fabian, Jr., Fabian & Associates, Edmond, for Appellant.

Earl L. Reeves, Jr., Oklahoma Department of Public Safety, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

ADAMS, Vice Chief Judge:

In one proceeding, Appellant Tobey asked the trial court to modify three orders issued by the Oklahoma Department of Public Safety (DPS) revoking his driver's license arising out of three different incidents.[1] At the hearing, Tobey presented evidence that he owns and operates a manufacturing business in Oklahoma City that employs approximately thirty-five people working in three shifts. Because Tobey lives in Crescent, Oklahoma, and the manufacturing operation is a "one-man show," he requested the revocations be modified to allow him to drive (1) to and from work seven days a week, (2) during the course of his employment in making sales

---

1. The propriety of the revocations is not at issue in this appeal.

calls as far away as Dallas, Texas, and (3) during the late night and early morning hours to go to the plant in the event of emergencies. The trial court granted a modification but limited it to allowing Tobey to drive between his home and work between 6:00 a.m. and 9:30 p.m., seven days a week.

In this appeal, Tobey argues that the trial court was required to grant him permission to drive during "the course of his employment" because the uncontroverted evidence demonstrated that he had no other adequate means of transportation and that he needed to drive in order to make sales calls for the company, citing *Cooper v. State of Oklahoma ex rel. Department of Public Safety*, 917 P.2d 466 (Okla.1996). We find nothing in *Cooper* which requires reversal of the trial court's decision on the evidence presented.

The *Cooper* Court *affirmed* a trial court decision modifying a revocation to allow a pipefitter who had not worked in over a year to drive to job sites assigned by his local union. Rejecting a DPS argument that Cooper had to demonstrate present employment in order to request a modification, the Court concluded the trial judge *did not abuse his discretion.*

█ The statute under which the trial court has the authority to grant a modification, 47 O.S.Supp.1995 § 755(A), provides that the trial court *"may* modify the revocation ... in cases of extreme and unusual hardship when it is determined by the court that the person whose license or permit to drive has been revoked ... has no other adequate means of transportation." (Emphasis added). The Legislature has plainly committed the decision to grant modifications to the discretion of the trial court. Nothing in § 755 suggests a person whose driving privileges have been revoked is *entitled* to a modification upon making the appropriate showing.

█ Although Tobey claimed he could not arrange for one of his employees to drive in order for him to continue his activities, the trial court apparently found that contention unworthy of belief. Considering the evidence that Tobey owned and operated the business, it was not unreasonable for the trial

court to conclude that, properly motivated, Tobey could arrange for alternate transportation during periods and for purposes not covered by the modification granted by the trial court. The trial court did not abuse its discretion in limiting the modification. The trial court's order is affirmed.

AFFIRMED.

CARL B. JONES, P.J., and GARRETT, J., concur.